UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
NORTHERN DIVISION

MICHELLE REAMER,
KARI MARIE BADER,
LORI LYNN SANDERS,

                    Plaintiffs,            Case No. 1:16-cv-10553-PTM
v.                                         HON. TERRENCE G. BERG

LINDA TALLMAN,
MICHELLE'S HOUSE,

                    Defendants

| | |
|---|---|
| MARC ASCH (P75499) | DONALD A. GILBERT  (P37421) |
| The Law Offices of Marc Asch | Mahlberg, Brandt, Gilbert & Thompson |
| Attorney for Plaintiffs | Attorney for Defendants |
| 137 N. Park Street, Suite 201B | 715 Court Street |
| Kalamazoo, MI  49007 | Saginaw, Michigan 48602 |
| (617) 653-8184 | (989) 799-2111 |

## DEFENDANTS' MOTION IN LIMINE 2: TO BAR EVIDENCE THAT FALLS OUTSIDE THE STATUTES OF LIMITATION

Defendants Linda Tallman and Michelle's House, by and through their attorney, Donald A. Gilbert, HEREBY MOVE THIS Court for an Order *in limine* to bar evidence of Plaintiff's alleged claims that occurred outside the statute of limitations.

Defendants' counsel sought a conference with Plaintiff's counsel to seek concurrence in the relief sought in the motion but, despite such efforts, Defense counsel was unable to conduct such a conference.

In support of their Motion, Defendants rely on the facts, law, and argument in their Brief in Support, which is hereby incorporated by reference.

Respectfully submitted,

MAHLBERG, BRANDT,
GILBERT & THOMPSON

Dated: 2/20/17

By: _____
DONALD A. GILBERT (P37421)

UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
NORTHERN DIVISION

MICHELLE REAMER,
KARI MARIE BADER,
LORI LYNN SANDERS,

                Plaintiffs,          Case No. 1:16-cv-10553-PTM

v.                            HON. TERRENCE G. BERG

LINDA TALLMAN,
MICHELLE'S HOUSE,

                Defendants.

| | |
|---|---|
| MARC ASCH (P75499) | DONALD A. GILBERT  (P37421) |
| The Law Offices of Marc Asch | Mahlberg, Brandt, Gilbert & Thompson |
| Attorney for Plaintiffs | Attorney for Defendants |
| 137 N. Park Street, Suite 201B | 715 Court Street |
| Kalamazoo, MI  49007 | Saginaw, Michigan 48602 |
| (617) 653-8184 | (989) 799-2111 |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE 2: TO BAR EVIDENCE THAT FALLS OUTSIDE THE STATUTES OF LIMITATION

### ISSUE PRESENTED

Should Plaintiffs be precluded from introducing evidence that falls outside the statutes of

limitation for the claims asserted?

Defendants answer yes.

Plaintiffs presumably answer no.

## CONTROLLING AUTHORITY

1.    *Archer v Sullivan County*, 1997 US App. Lexis 33052

2.    *Claeys v Gandalf Ltd.,* 303 F. Supp. 2d 890 (S.D. Ohio 2004)

**INTRODUCTION**

In this action, Plaintiff asserts claims arising from the Fair Labor Standards Act, 29 USC §201 *et sic* (hereinafter "FLSA") and Michigan's Workforce Opportunity Wage Act MCL §408.411 *et sic* (hereinafter "WOWA"). Generally, FLSA claims are governed by a two-year statute of limitations, see 29 USC §255(a). Such claims may also be governed by a three-year statute of limitations, however, where the statutory violation was "willful."

Michigan law provides for a three-year statute of limitations for claims based upon overtime compensation but does not provide for an extension in the case of a willful violation by the employer. Mich 408.419(1).

Defendants seek an order *in limine* prohibiting Plaintiff from introducing at trial any evidence that concerns alleged wage and hour claims that fall outside of the above periods of limitations that apply to either the FLSA or the WOWA.

**FACTS**

The Plaintiffs were employed by Defendant Michelle's House, a residential care facility. The home is located in Caro, Michigan, and was established for purposes of caring for Defendant Linda Tallman's daughter and one other resident[1]. Plaintiff Reamer was employed with the Defendant from 2004 until September 24, 2014 (Plaintiffs' Complaint, Paragraph 14). Plaintiff Bader was employed with Defendants from 2005 until on or about March 24, 2014 (Plaintiffs' Complaint, Paragraph 15). Plaintiff Sanders was employed from 2008 until on or about August 2, 2014 (Plaintiffs' Complaint, Paragraph 16).

By correspondence dated December 23, 2014, Plaintiffs' counsel Marc Asch wrote to

---

[1] The two residents of Michelle's House have cerebral palsy. Plaintiffs were employed as companion workers.

Defendant Michelle's House on behalf of the Plaintiffs', asserting claims under the FLSA and the WOWA. This letter also enclosed Consent to Sue forms executed by each of the respective Plaintiffs. The Consent to Sue form was signed by Plaintiff Sanders on October 30, 2014, by Plaintiff Reamer on October 30, 2014, and Plaintiff Bader on the date of October 31, 2014.

Plaintiffs' Complaint was filed on February 17, 2016, fifteen and one-half months following the time Plaintiffs had retained counsel. Assuming Plaintiffs were able to establish a willful violation under the FLSA, the statute of limitations would be three years back from the date of February 17, 2016. The same statute of limitations would apply to a claim under the WOWA.

Plaintiff will offer at trial evidence outside the statute of limitations on the theory of equitable tolling. Defendants request that any evidence outside the statute of limitations be barred, as the doctrine of equitable tolling is not applicable. Defendants further submit that such evidence should be inadmissible, as it would be highly prejudicial to Defendants at trial.

## ARGUMENT

Plaintiffs contend that the doctrine of equitable tolling should apply because Michelle's House failed to post the required Department of Labor Notice of Employee's Rights under the FLSA. Plaintiffs also assert that equitable tolling may apply on the basis that Plaintiffs' signed statements during the course of their employment that they would not be paid overtime for their work as home companion workers.

Plaintiffs' Complaint asserts that Plaintiffs Reamer and Bader signed a statement for the employer that they would work over 40 hours of pay for regular pay on December 7, 2010 (Plaintiffs' Complaint, Paragraph 20(a)). Plaintiff Sanders signed a similar statement on May 18, 2012, to the effect that her work would not provide overtime (Plaintiffs' Complaint, Paragraph 20

(b)).

Prior to October 13, 2015, the FLSA exempted domestic service employees from minimum wage and maximum hour requirements.  See 29 USC §213(a)(15): ("[Minimum wage and maximum hours provisions of] this title shall not apply with respect to . . . any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves. . .") Services were defined by 29 C.F.R. §556.6 as services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own need.  "Such services may include household work related to the care of the aged or infirmed person, such as meal preparation, bed making, washing of clothes, and similar services.  They may also include the performance of general household work provided, however, that such work is incidental, i.e. does not exceed 20 percent of the weekly hours worked . . ." 29 C.F.R. §552.6.  Defendants relied upon this exclusion at all times, material to Plaintiffs' employment.  The exclusion remained in effect during and following each of the Plaintiffs' employment.

The leading case in the 6th Circuit Court pertaining to equitable tolling is the unpublished decision of *Archer v Sullivan* County, 1997 US App. Lexis 33052 (Attached as Exhibit A).  In *Archer*, Plaintiffs asserted that the doctrine of equitable tolling should apply because the county had failed to post the required Department of Labor Notice of Employee's Rights under the FLSA. Plaintiffs contended that it would be unfair to bar any of their claims given the county's violation of the act.  The court held:

> "Although the Plaintiffs assert that it would be unfair to bar any of their claims given the county's violation of the act, we know, as did the *Beal* Court, that, 'The entire purposes of the statute of limitations is to provide finitude to liability for wrongs.' 1789 Fed Supp. 1176.  We are also mindful

of Judge Posner's admonition in *Cada* that statute of limitations 'protect important social interests in certain accuracy and repose,' and should not be trivialized by 'promiscuous application of tolling doctrines.  920 Fed 2nd 453.  The doctrine of equitable tolling does not save the Plaintiff's claims here.'"

> *Archer v Sullivan* County, 1997 US App. Lexus 33052
> Pages 13-14

A similar case is that of *Claeys v Gandalf Ltd*, 303 Fed Supp. 2nd 890 (S.D. Ohio 2004). This case was decided by the United Stated District Court for the Southern District of Ohio, Eastern Division, and analyzed the theory of equitable estoppel in light of allegations that the employer did not have an FLSA poster and employees were informed by the employer that they were not entitled to overtime.  The court held that the Plaintiff was not entitled to the application of equitable tolling, finding that it is "well settled that ignorance of the law alone is not sufficient to warrant equitable tolling," citing *Rose v Dole*, 945 Fed 2nd 1331, 1335 (6th Circuit 1991).

In *Claeys*, the court also determined that Plaintiff hired counsel, which he did before filing suit against his employer, and the alleged failure to post notices was therefore irrelevant.  *Citing Patraker v Council on Env't*, 2003 US Dist Lexus 20519, 2003 Westlaw 22703522 (Southern District, New York, November 17, 2003).  "Once Plaintiff retained an attorney, any failure to post a required notice becomes immaterial." Citing also *Keyse v California Texas Oil Corp*, 590 Fed 2nd 45, 47-48 (2nd Circuit 1978). Plaintiffs in the case at bar retained counsel at least 15 months prior to initiating litigation.  Clearly, the Plaintiffs in this case were aware of the potential of a FLSA or WOWA claim and chose not to pursue litigation for over an extended period of time.

Any effort to undertake an effort to equitably toll the statute of limitations for the WOWA claim would be contrary to firmly established public policy pursuant to Michigan law.  In *Devillers*

*v Auto Club Ins. Ass'n*, 473 Mich 562 (2005), the Michigan Supreme Court rejected the concept of equitable tolling in the absence of any allegation of fraud, mutual mistake, or other "unusual circumstance." In response to efforts to toll the statute of limitations, the court held at 473 Mich 556-557:

> "Indeed if a court is free to cast aside, under the guise of equity, a plain statute [**557] such as §3145(1) simply because the court views the statute as "unfair," then our system of government ceases to function as a representative democracy. No longer will policy debates occur, and policy choices be made, in the Legislature. Instead, an aggrieved party need only convince a willing judge to rewrite the statute under the name of equality. While such an approach might be extraordinarily efficient for a particular litigant, the amount of damage it causes to the separation of powers mandate of our Constitution and the overall structure of our government is immeasurable."

**RELIEF SOUGHT**

Plaintiffs' efforts to toll the statute of limitations are not supported in law nor fact. Defendants seek an order *in limine* precluding the introduction of evidence that concerns periods of time that precede the respective statute of limitations.

Respectfully submitted,

MAHLBERG, BRANDT,
GILBERT & THOMPSON

Dated: __2/20/17__          By: _____
                                DONALD A. GILBERT (P37421)



EXHIBIT
A

**User Name:** DONALD GILBERT

**Date and Time:** Monday, February 20, 2017 3:23:00 PM EST

**Job Number:** 43698275

## Document (1)

1. _Archer v. Sullivan County, 1997 U.S. App. LEXIS 33052_

   **Client/Matter:** -None-

   **Search Terms:** archer v sullivan county

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | Sources: 6th Cir.; Cases |

⚠ Caution
As of: February 20, 2017 3:24 PM EST

## _Archer v. Sullivan County_

United States Court of Appeals for the Sixth Circuit

November 14, 1997, Filed

Nos. 95-5214/95-5215

**Reporter**
1997 U.S. App. LEXIS 33052 *

THOMAS ARCHER, LARRY BRADLEY, BRUCE BULLIS, DARRELL CHAMBERS, JOE DELP, JR., MARK DUCKER, SPENCER FLETCHER, WILLIAM K. HARR, DARRELL HUNT, EDWARD G. JONES, BODA LAWSON, DAVID MARTIN, GEORGE ANN MULLINS, STEVE MULLINS, DAVID MUSSER, JOHNNY MURRAY, CHARLES REED, BILLIE JOE RICHARDSON, MIKE RUTHERFORD, RANDY SIMPSON, ERMAL SPARKS, PAUL TAYLOR, DAVID K. WAYE, DEWOLFE WAYE, GLENN WHITE, WILLIAM WILKS, JOHN YOUNG, NORMAN ODUM, TY BOOMERSHINE, ROBERT BOWLING, SR., THOMAS CORNETT, MARK L. GOTT, EARNEST HODGES, MARK MURPH, KIP PARKS, GEORGE T. PETERS, KATHY PETERS, BOBBY LEE RUSSELL, WILLIAM R. SMITH, JR., DEAN STUNTZ, STEVEN WILLIAMS, HARRY NOEL, JEFFREY PARKER, Plaintiffs-Appellees and Cross-Appellants, v. SULLIVAN COUNTY, TENNESSEE, Defendant-Appellant and Cross-Appellee.

**Notice:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** Reported in Table Case Format at: _129 F.3d 1263, 1997 U.S. App. LEXIS 36679_.

**Prior History:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE. 91-00294. Tilson. 12/28/94.

**Disposition:** Decision as to liability AFFIRMED, the award of damages VACATED, and matter REMANDED to the district court with instructions.

## Core Terms

compensatory time, employees,

overtime compensation, rights, memorandum, overtime, equitable tolling, plaintiffs', accrued, statute of limitations, overtime pay, constructive notice, hired, County's, notice, ignorance, tolling, damages, magistrate judge, overtime hours, posting notice, actual notice, overtime work, pay overtime, accumulated, diligence, provides, doctrine of equitable tolling, notice requirements, liquidated damages

## Case Summary

### Procedural Posture

Both parties challenged a judgment from the United States District Court for the District of Tennessee, which awarded damages to some employees of appellee county sheriff's department in an action by current and former employees that alleged violations of the Fair Labor Standards Act (FLSA), _29 U.S.C.S. § 201 et seq._ Some employees challenged dismissal of their FLSA claims as time-barred, while the county argued all claims were time-barred.

### Overview

Both parties challenged a judgment in an action by current and former employees of a county sheriff's department alleging violations of the Fair Labor Standards Act (FLSA). A federal magistrate judge awarded damages to some employees on their FLSA claims and dismissed the FLSA claims of other employees. The county had granted compensatory time off in lieu of overtime pay until the FLSA was amended to require compliance by affected governments by April 15, 1986. The magistrate judge held that claims of those hired after that date were time-barred and that payment in compensatory time was not an option for those hired before April 14, 1986. He granted the prevailing employees damages for the amount of overtime the compensatory time represented. Finding the county had not acted in good faith, the magistrate judge also awarded liquidated damages. The appellate court affirmed the judgment in part and vacated it in part because the doctrine of equitable tolling was inapplicable and did not toll claims that were time-barred. The appellate court reversed the award of liquidated damages because liability for the unpaid overtime was extinguished by the passage of time.

### Outcome
The court affirmed the judgment in part on the ground that the county was liable for compensatory time to the prevailing employees, but it vacated the award of liquidated damages because such damages were available only where the employer was liable for "unpaid overtime compensation." While affirming the judgment in other respects, the court held that liability for unpaid overtime compensation was extinguished by the passage of time.

### LexisNexis® Headnotes

1997 U.S. App. LEXIS 33052, *1

Civil
Procedure > ... > Pleadings > Complaints > General Overview

Governments > Legislation > Statute of Limitations > Time Limitations

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Governmental Employees

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > Class Actions

HN1[⬇] An action to recover unpaid overtime compensation must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued pursuant to the Fair Labor Standards Act (FLSA), *29 U.S.C.S. § 255(a)*. An action is "commenced" under the FLSA, *29 U.S.C.S. § 256*, on the date the complaint is filed, subject to certain exceptions. In the case of a collective action, if the individual claimants do not immediately file written consents to become parties plaintiff, the action is considered to be commenced when the written consents are filed.

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Governmental Employees

Labor & Employment Law > Wage &

Hour Laws > Defenses > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

HN2[⬇] A cause of action is deemed to accrue, as a general rule, at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.

Civil Procedure > Judicial Officers > Magistrates > Compensation & Fees

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Governmental Employees

Labor & Employment Law > Wage & Hour Laws > Defenses > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

HN3[⬇] Under the Fair Labor Standards Act, *29 U.S.C.S. § 207(o)(2)*, a public agency is authorized to provide compensatory time off in lieu of overtime pay only pursuant to a collective bargaining agreement or pursuant to an agreement or understanding arrived at between the employer and the employee before the performance of the work. The statute provides further that in the case of employees not covered by a collective

1997 U.S. App. LEXIS 33052, *1

bargaining agreement, if such employees were hired before April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off shall constitute an agreement or understanding.

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Governmental Employees

Business & Corporate Compliance > ... > Wage & Hour Laws > Scope & Definitions > Overtime & Work Periods

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

*HN4*[⚓] The Fair Labor Standards Act, *29 U.S.C.S. § 207(o)(3)(A)*, provides that employees engaged in public safety activities may accrue not more than 480 hours of compensatory time for hours worked after April 15, 1986. Once an employee has accrued 480 compensatory hours, the employer must pay overtime for any additional overtime work performed.

Governments > Legislation > Statute of Limitations > General Overview

Governments > Legislation > Statute of Limitations > Tolling

Labor & Employment Law > ... > Civil Actions > Time Limitations > General Overview

*HN5*[⚓] The doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim. The factors to be considered in this connection include the following: (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights.

Governments > Legislation > Statute of Limitations > Tolling

Labor & Employment Law > ... > Civil Actions > Time Limitations > General Overview

*HN6*[⚓] Ignorance of the law alone is not sufficient to warrant equitable tolling.

Governments > Legislation > Statute of Limitations > General Overview

Governments > Legislation > Statute of Limitations > Tolling

Labor & Employment Law > ... > Civil Actions > Time Limitations > General Overview

*HN7*[⚓] The entire purpose of statutes of limitations is to provide finitude to liability for wrongs. Statutes of limitations protect important social interests in certainty, accuracy, and

DONALD GILBERT

1997 U.S. App. LEXIS 33052, *1

repose and should not be trivialized by promiscuous application of tolling doctrines.

Labor & Employment Law > Wage & Hour Laws > Scope & Definitions > Governmental Employees

Labor & Employment Law > Wage & Hour Laws > Defenses > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > General Overview

Labor & Employment Law > Wage & Hour Laws > Remedies > Injunctions

HN8[↓] It is true that the Fair Labor Standards Act, *29 U.S.C.S. § 216*, does not list compensatory time as an available remedy. But *29 U.S.C.S. § 207* provides that a public agency may provide compensatory time in lieu of overtime compensation under certain conditions, and *29 U.S.C.S. § 215(a)(2)* makes it unlawful for an employer to violate any of the provisions of *29 U.S.C.S. § 207*. The district courts are authorized by *29 U.S.C.S. § 217* to restrain violations of *29 U.S.C.S. § 215*.

**Counsel:** For THOMAS ARCHER, LARRY BRADLEY, BRUCE BULLIS, DARRELL CHAMBERS, JOE DELP, JR., MARK DUCKER, SPENCER FLETCHER, WILLIAM K. HARR, DARRELL HUNT, EDWARD G. JONES, BODA LAWSON, DAVID MARTIN, GEORGE ANN MULLINS, STEVE MULLINS, DAVID MUSSER, JOHNNY MURRAY, CLARENCE REED, BILLIE JOE RICHARDSON, MIKE RUTHERFORD, RANDY SIMPSON, ERMAL SPARKS, PAUL TAYLOR, DAVID K. WAYE, DEWOLFE WAYE, GLEN WHITE, WILLIAM WILKS, JOHN YOUNG, NORMAN ODUM, TY BOOMERSHINE, ROBERT BOWLING, SR., THOMAS CORNETT, MARK L. GOTT, EARNEST HODGES, MARK MURPH, KIP PARKS, GEORGE T. PETERS, KATHY PETERS, BOBBY LEE RUSSELL, WILLIAM R. SMITH, JR., DEAN STUNTZ, STEVEN **[*2]** WILLIAMS, HARRY NOEL, JEFFREY PARKER, Plaintiffs - Appellees, Cross-Appellants (95-5214, 95-5215): Donald F. Mason, Jr., D. Bruce Shine, Shine & Mason, Mark H. Toohey, Kingsport, TN.

For SULLIVAN COUNTY, TENNESSEE, Defendant - Appellant, Cross-Appellee (95-5214, 95-5215): Mark S. Dessauer, Hunter, Smith & Davis, Kingsport, TN.

For SULLIVAN COUNTY, TENNESSEE, Defendant - Appellant, Cross-Appellee (95-5214, 95-5215): Daniel P. Street, Sullivan County Attorney, Blountville, TN.

**Judges:** Before: NELSON and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge. [*] McKEAGUE, District Judge, dissenting.

**Opinion by:** DAVID A. NELSON

_____

[*] The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

DONALD GILBERT

## Opinion

**DAVID A. NELSON**, Circuit Judge. The plaintiffs, who are present and former employees of the Sullivan County, Tennessee, Sheriff's Department, sued the county in federal court for overtime compensation allegedly due under the Fair Labor Standards Act, _29 U.S.C. §§ 201 et seq._, and for damages allegedly recoverable under state law. Following a bench trial, a magistrate judge awarded damages to some of the plaintiffs [*3] on their FLSA claims, dismissed the FLSA claims of other plaintiffs as time-barred, and awarded judgment to the county on the state law claims. Both the plaintiffs and the county have appealed. For the following reasons, we shall affirm the magistrate's judgment in part and vacate it in part.

I.

In _Garcia v. San Antonio Metro. Transit Authority, 469 U.S. 528, 83 L. Ed. 2d 1016, 105 S. Ct. 1005 (1985)_, the Supreme Court held the provisions of the Fair Labor Standards Act applicable to state and local governments. In response, Congress amended the Act to require compliance by affected governments as of April 15, 1986.

Prior to the _Garcia_ decision, the Sullivan County Sheriff's Department had followed a practice of granting compensatory time off in lieu of overtime pay. On April 1, 1986, the Sullivan County Commission passed an ordinance providing that the county would abide by all applicable sections of the Fair Labor Standards Act. The Sheriff's Department continued to grant compensatory time off in lieu of overtime pay.

On October 27, 1988, Chief Deputy Sheriff Randy Grimes distributed a memorandum to department employees advising that, due to the _Garcia_ decision, the [*4] county was required to pay for overtime. The employees were instructed to report the number of uncompensated overtime hours they had accumulated from May 1, 1985, through October 27, 1988. All of the plaintiffs complied with this instruction. The county did not pay any overtime compensation for the hours reported, but several employees continued to take compensatory time off.

In 1991 the Sheriff advised department employees that overtime reported in response to the Grimes memorandum would no longer be honored because it could not be substantiated. The plaintiffs then filed this lawsuit.

The magistrate judge, who tried the case by consent of the parties, concluded that the plaintiffs had failed to carry their burden of proof on the state law claims, which sounded in contract and quasi contract or unjust enrichment. He also concluded that the county had violated the plaintiffs' rights under the FLSA by denying them both overtime pay and compensatory time off for overtime work performed. As to the plaintiffs (15 in number) hired after April

14, 1986, however, the magistrate held that their claims were barred by the statute of limitations. The remaining 28 plaintiffs were awarded overtime [*5] compensation totaling $ 86,327.15, plus "liquidated damages" in an equal amount, plus attorney fees and costs.

II.

The county makes the following contentions on appeal: (1) that the trial court should have dismissed the FLSA claims of all of the plaintiffs as time-barred; (2) that the Act does not permit compensatory time off or its backpay equivalent as a remedy; and (3) that the trial court erred in awarding liquidated damages. In their cross-appeal, the plaintiffs assert: (1) that the FLSA claims of personnel hired after April 14, 1986, were not barred by the statute of limitations; (2) that the trial court should have awarded damages for overtime worked in excess of 480 hours; and (3) that the trial court erred in dismissing the state law claims.

III.

## A. FLSA Statute of Limitations

### 1. Accrual of Cause of Action

*HN1*[⚓] An action to recover unpaid overtime compensation must be "commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." *29 U.S.C. § 255(a)*. An action

is "commenced," under the FLSA, on the date the complaint is filed, **[*6]** subject to certain exceptions. *29 U.S.C. § 256*. In the case of a collective action such as this one, if the individual claimants do not immediately file written consents to become parties plaintiff, the action is considered to be commenced when the written consents are filed. *29 U.S.C. § 256(b)*.

The plaintiffs' complaint was filed on September 16, 1991. Their FLSA action was not considered to be commenced until December 23, 1991, when the individual plaintiffs filed written consent forms pursuant to *29 U.S.C. § 256(b)*.

*HN2*[⚓] A cause of action is deemed to accrue, as a general rule, "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc., 821 F.2d 261, 271* (5th Cir.), *modified on other grounds, 826 F.2d 2 (5th Cir. 1987)*. The plaintiffs claim a right to compensation for overtime work performed from May 1, 1985, through October 26, 1988. Because this period was more than three years before the plaintiffs commenced their FLSA action, the county contends that the action is barred by the statute of limitations.

The magistrate judge concluded that **[*7]** the FLSA claims of those plaintiffs hired before April 15, 1986, did not accrue until 1991, when Sheriff's Department employees were informed

that compensatory time off would no longer be granted for accumulated overtime. We agree with this conclusion. The Sheriff's Department made it a practice to let employees accrue compensatory time which could be banked indefinitely. Given this practice, the receipt of a paycheck that failed to reflect overtime pay could not put anyone on notice that compensatory time off could not be taken in the future.

HN3[⚓] Under 29 U.S.C. § 207(o)(2), a public agency is authorized to provide compensatory time off in lieu of overtime pay only pursuant to a collective bargaining agreement -- which was not present here -- or pursuant to "an agreement or understanding arrived at between the employer and the employee before the performance of the work." The statute provides further that in the case of employees not covered by a collective bargaining agreement, if such employees were hired before April 15, 1986, "the regular practice in effect on April 15, 1986, with respect to compensatory time off . . . shall constitute an agreement or understanding. . . ." The magistrate [*8] judge concluded, correctly, that the employees hired before April 15, 1986, had "an agreement or understanding" that they would receive compensatory time off in lieu of overtime pay by reason of the "regular practice in effect on April 15, 1986." The FLSA claims of these individuals did not accrue, therefore, until the county gave notice

that accumulated compensatory time could no longer be used.

The plaintiffs hired on or after April 15, 1986, however, had no agreement or understanding that they would receive compensatory time off in lieu of overtime pay; not having met the condition set forth in the statute, they could not rely on the "regular practice." The county was thus required to pay these employees overtime compensation on each payday following the date in which the overtime was worked. Because the county was not authorized under the FLSA to grant them compensatory time off in lieu of overtime pay, the injury to these plaintiffs did not occur when the county repudiated its supposed compensatory time obligation. Rather, the injury occurred -- and the county violated the statute -- when the plaintiffs were issued paychecks that did not include compensation for overtime worked [*9] during the prior pay period. The claims of the plaintiffs hired on or after April 15, 1986, accrued upon the receipt of the paychecks. Because this was more than three years before commencement of the action, the magistrate was correct in holding the claims barred by the statute of limitations. Cf. Beale v. District of Columbia, 789 F. Supp. 1172, 1176 (D.D.C. 1992) ("Police employees were entitled to pay in money only for overtime worked during [the] period because there was no collective bargaining agreement providing for payment in any other form. All police

sergeants and officers wronged by the District's failure to pay had two and three years, respectively, under *29 U.S.C. § 255* to sue the District for the pay it owed. . . . Payment in comp time for that period was not an option, then or now.").

The plaintiffs contend that the magistrate erred in not awarding them damages for overtime worked in excess of 480 hours. We disagree. *HN4*[⚓] *29 U.S.C. § 207(o)(3)(A)* provides that employees engaged in public safety activities "may accrue not more than 480 hours of compensatory time for hours worked after April 15, 1986." Once an employee has accrued 480 compensatory hours, the employer [*10] must pay overtime for any additional overtime work performed. *Id.* The plaintiffs with more than 480 hours of compensatory time were thus in the same position as the plaintiffs hired on or after April 15, 1986: the county was under a statutory duty to pay them overtime compensation for any additional overtime worked, and compensatory time off could not be substituted. The claims for such compensation accrued with the receipt of each paycheck in which the compensation was not included, just as the claims of the later-hired plaintiffs did. The plaintiffs' claims for overtime worked in excess of 480 hours were time-barred.

## 2. Equitable Tolling

If the doctrine of equitable tolling were

to be applied in this case, as the plaintiffs contend it should be, none of the claims for overtime compensation would be barred by the statute of limitations. [1] *HN5*[⚓] The doctrine permits a plaintiff to avoid the bar of the statute of limitations if "despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990)*, cert. denied, *501 U.S. 1261, 115 L. Ed. 2d 1079, 111 S. Ct. 2916 (1991)*. [*11] The factors to be considered in this connection include the following: (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights. *EEOC v. Kentucky State Police Dep't, 80 F.3d 1086, 1094* (6th Cir.), *cert. denied, 136 L. Ed. 2d 302, 117 S. Ct. 385 (1996)*.

Although the plaintiffs may have lacked actual notice of the county's violation of the Act and of the filing deadline, *HN6*[⚓] ] it is "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole, 945* [*12] *F.2d 1331, 1335 (6th Cir.*

---

[1] Although the magistrate judge did not address the equitable tolling issue explicitly, the issue was presented at trial, and we find it implicit in the magistrate's opinion that the plaintiffs failed to bring themselves within the doctrine.

*1991)*. The statute itself gave the plaintiffs constructive notice of the fact that the county was violating their rights under the FLSA and of the deadline for filing suit.

The statute, as we have seen, provides that employees must receive overtime pay for any overtime work performed after accrual of 480 hours of compensatory time. The statute further provides that, absent an agreement to the contrary entered into before the performance of the work, employees hired on or after April 15, 1986, must receive overtime pay for any overtime work performed. The county's practice of awarding compensatory time does not change the fact that none of the plaintiffs received the overtime pay to which he was entitled under the FLSA. The plaintiffs knew that they were not receiving any overtime pay -- and that knowledge constituted knowledge of facts triggering the accrual of a cause of action.

The Grimes memorandum stated, moreover, that "in May of 1985 the Garcia Decision was handed down by the Supreme Court requiring the county to pay overtime." This reference to *Garcia* and the requirement that the county pay overtime gave the plaintiffs additional notice of their **[*13]** rights under the Act.

The plaintiffs contend that the doctrine of equitable tolling should apply because the county failed to post the required Department of Labor notice of

employees' rights under the FLSA. The record contains an example of the required notice. It says that the Fair Labor Standards Act requires that employees of state and local governments receive overtime pay or compensatory time off where the latter is "provided pursuant to an agreement or understanding which meets the requirements of the Act." The notice does not mention the distinction between employees hired before April 15, 1986, and those hired on or after that date. Neither does it mention the 480 hour rule or the limitations period for filing suit. We are not persuaded that the county's failure to post such a notice justifies invocation of the tolling doctrine.

Although the plaintiffs assert that it would be unfair to bar any of their claims given the county's violation of the act, we note, as did the *Beale* court, that *HN7*[↗] "the entire purpose of statutes of limitations is to provide finitude to liability for wrongs." *789 F. Supp. at 1176*. We are also mindful of Judge Posner's admonition in *Cada* that **[*14]** statutes of limitations "protect important social interests in certainty, accuracy, and repose" and should not be trivialized by "promiscuous application of tolling doctrines." *920 F.2d at 453*. The doctrine of equitable tolling does not save the plaintiffs' claims here.

## B. FLSA Remedies

The magistrate judge held that ordering compensatory time off is not a form of

relief available with respect to the compensatory time claims of the plaintiffs hired before April 15, 1986. Accordingly, he granted the prevailing plaintiffs "an award of money damages for the amount of overtime which the compensatory time represents." Finding that the county had not acted in good faith, the magistrate also awarded the prevailing plaintiffs "liquidated damages" in a like amount. See *29 U.S.C. § 216(b)*.

We disagree with the magistrate's analysis of the remedies available to the plaintiffs. His conclusion on the unavailability of compensatory time was based on *29 U.S.C. § 216(b)*, which provides that "any employer who violates the provisions of section 206 or *section 207* of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid [*15] overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." HN8[↑] It is true that *§ 216* does not list compensatory time as an available remedy. But *§ 207* provides that a public agency may provide compensatory time in lieu of overtime compensation under certain conditions, and *§ 215(a)(2)* makes it unlawful for an employer to violate any of the provisions of *§ 207*. The district courts are authorized by *§ 217* "to restrain violations of *section 215*. . . ."

The county violated *§ 215(a)(2)* by failing to provide compensatory time off, and the district court thus had authority to issue an injunction restraining the county from failing to provide such time. [2] See *Martin v. Funtime, Inc., 963 F.2d 110, 114 (6th Cir. 1992)* (an employer's current FLSA compliance does not prevent a court from issuing an injunction to remedy past wrongdoing). Although the plaintiffs asked for money damages, the only claims not barred by the statute are those for compensatory time, not for monetary compensation. The plaintiffs' amended complaint, moreover, does pray for "specific performance of Plaintiffs' contract with the Defendant." The equitable remedy of specific [*16] performance having been made available under *§ 217*, the magistrate should have ordered the county to provide compensatory time to the prevailing plaintiffs.

[*17] Because the plaintiffs are only

_____

[2] Our conclusion that *29 U.S.C. § 217* gives a district court jurisdiction to restrain a violation of *§ 215* that consists of withholding compensatory time is not affected by the fact that *§ 217* explicitly authorizes "the restraint of any withholding of payment of minimum wages or overtime compensation" but does not explicitly mention compensatory time. Without the explicit statutory reference to the withholding of dollars, there would be a serious question as to whether such a withholding could properly be restrained through an injunction; the availability of a money judgment would mean, in all probability, that there would be an adequate remedy at law for violations of that type. Because no such problem would exist with the respect to the withholding of compensatory time, there was no reason for Congress to say explicitly that the power to restrain violations of *§ 215* covers cases where the wrong consists of refusing to honor compensatory time commitments.

This interpretation is supported by the legislative history of *§ 217*. Prior to 1961, the statute contained an express prohibition against injunctive relief of the type that is now explicitly authorized. Injunctions relating to compensatory time were not mentioned in the pre-1961 law, which suggests that there was no reason to mention compensatory time in the 1961 amendment.

entitled to compensatory time, "liquidated damages" are not authorized under § 216. As we read that section, such damages are available only where the employer is liable for "unpaid overtime compensation" -- and in the instant case, the liability for unpaid overtime compensation has been extinguished by the passage of time.

## C. State Law Claims

The county treated the plaintiffs as salaried employees prior to July 1, 1989, and the plaintiffs assert that the county violated a contractual or quasi-contractual duty to compensate them as hourly employees. The magistrate found that the plaintiffs failed to carry their burden of proving the existence of an express or implied agreement that they would be paid as hourly employees. If some of the plaintiffs originally had oral understandings that they were hourly employees, as the magistrate noted, they subsequently ratified their status as salaried employees. The magistrate found no evidence of unjust enrichment, and we see none.

The magistrate's findings of fact were not clearly erroneous, and we find no infirmity in his application of law to those facts. The award of judgment to the county on the [*18] plaintiff's state law claims was proper.

IV.

We **AFFIRM** the decision as to liability, **VACATE** the award of damages, and **REMAND** this matter to the district court with instructions to order the county to provide compensatory time to the prevailing plaintiffs.

**Dissent by:** David W. McKeague

## Dissent

McKEAGUE, District Judge, dissenting.

In Part III.A.2, above, the majority observes that if the doctrine of equitable tolling were applicable in this case, none of the plaintiffs' claims for overtime compensation would be barred by the statute of limitations. Because I disagree with the majority's conclusion that the doctrine is not applicable, I respectfully dissent.

The majority recognizes that application of the doctrine is the function of five considerations. However, the majority expressly considers only three of the five factors and finds the doctrine inapplicable, although those three factors arguably militate in favor of equitable tolling. In my opinion, as set forth below, all five factors weigh in favor of tolling the statute of limitations.

The doctrine permits a plaintiff to avoid the bar of the statute of limitations if he or she is excusably ignorant of the filing deadline. [*19] _E.E.O.C. v. Kentucky State Police Dep't, 80 F.3d 1086, 1095 (6th Cir. 1996)_, cert. denied, _136 L. Ed. 2d 302, 117 S. Ct. 385 (1996)_. The first factor considered in determining excusable ignorance is whether plaintiffs lacked actual notice of the filing requirement. As implicitly recognized by

the majority, the magistrate judge below found plaintiffs did not have actual knowledge that the County had violated the FLSA and of the need for legal action to protect their rights until 1991. That is, plaintiffs were earlier unaware of wrongdoing by the County that would have triggered inquiry concerning the filing requirement until sometime much less than two years before they filed suit. On this point, there is no dispute. Having commenced their FLSA action on December 23, 1991, it is clear that plaintiffs proceeded within a reasonable period after they obtained actual notice that their rights had been violated and well within the two-year period of limitation prescribed at _29 U.S.C. § 255(a)_. The first factor thus weighs in favor of finding plaintiffs excusably ignorant in not having earlier proceeded against the County.

The second factor is whether plaintiffs lacked constructive **[*20]** notice of their rights and obligations under the FLSA. Plaintiffs may be found to have had constructive notice if they had retained counsel who should have known of the filing requirement. See _Jackson v. Richards Medical Co., 961 F.2d 575, 579 (6th Cir. 1992)_; _Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)_. There is no evidence that any of the plaintiffs had even consulted with an attorney prior to 1991.

Constructive notice might also be attributed to plaintiffs if the County had fulfilled its duty of conspicuously posting notices in the workplace explaining employees' FLSA rights, as required by _29 C.F.R. § 516.4_. See _E.E.O.C., 80 F.3d at 1094-95_; _Jackson, 961 F.2d at 579-80_. Here, however, it is undisputed that the required notices were not posted by the County.

Nonetheless, the majority concludes plaintiffs had constructive notice by virtue of the mere existence of the FLSA, citing Rose v. Dole. The mere existence of the pertinent statute of limitations cannot be deemed sufficient to impute constructive notice for purposes of equitable tolling. If it were, the constructive notice inquiry would invariably be eliminated. The very question posed by the doctrine **[*21]** of equitable tolling is whether a plaintiff's ignorance of the limitation period should be excused. That the limitation period is specifically prescribed in legislation sheds no light upon this question. Rose v. Dole stands merely for the proposition that "ignorance of the law alone is not sufficient to warrant equitable tolling." _Id. at 1335_. That is, a plaintiff's lack of actual notice alone is not sufficient. This is undeniably a true and just statement of the law. That is why a five-factor test has evolved. As all five factors are duly considered in this case, it becomes readily apparent that much more than mere ignorance of the law is presented.

In further support of the conclusion that plaintiffs had constructive notice, the majority cites the October 27, 1988 memorandum of Chief Deputy Sheriff

1997 U.S. App. LEXIS 33052, *21

Randy Grimes. [1] The Grimes memorandum was distributed to all Sheriff's Department employees, soliciting information from them because the County was thenceforward required, by "the Garcia decision," to pay overtime compensation. The memorandum thus implied that the County would have to terminate its then existing practice of allowing employees to take compensatory time in [*22] lieu of paying overtime compensation for overtime worked. The memorandum required employees to report the total uncompensated overtime hours they had accumulated since May 1, 1985. The County did not pay overtime compensation for the hours claimed. Yet, several employees were allowed to continue using compensatory time until some time in 1991, when Sheriff Keith Carr advised that overtime hours claimed pursuant to the Grimes memorandum would not be honored.

[*23] So, what is the significance of the Grimes memorandum? The majority finds significance in its reference to "the Garcia decision." Yes, the Supreme Court held, in Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S. 528, 83 L. Ed. 2d 1016, 105 S. Ct. 1005 (1985), that the FLSA protections were applicable to state and municipal employers. The Grimes memorandum, however, does not provide the official name and citation of the Garcia opinion and does not even mention the FLSA. Such a casual reference to a Supreme Court ruling in a memorandum whose apparent purpose was simply to solicit information from employees, can hardly be deemed to have given plaintiffs, non-lawyers, constructive notice that their rights to overtime compensation had been altered and were now defined by the FLSA, and that any action enforcing their new rights needed to be commenced within the prescribed two or three-year period. Moreover, when the memorandum is viewed in light of the County's failure to post the required Department of Labor notices and the County's continuing practice of allowing employees to use compensatory time, the significance assigned to it by the majority appears to be [*24] decidedly ill-founded.

Accordingly, I would find that plaintiffs lacked both actual notice and constructive notice.

The third factor is the diligence with which plaintiffs pursued their rights. The majority does not mention it. The County contends plaintiffs cannot be deemed to have acted with due

---

[1] The full text of the memorandum is as follows:

We have been advised by the County Attorney and the Director of Accounts & Budgets that due to new regulations from the Labor Department, there is certain information needed that I currently don't have.

In May of 1985 the Garcia Decision was handed down by the Supreme Court requiring the county to pay overtime. In response to this ruling, I need each and every employee in this Department to fill out one of the forms supplied. Please indicate the total number of uncompensated overtime hours accumulated since May 1, 1985, through October 26, 1988. This is to include such things as in-service training and approved overtime you have not claimed. Do not include hours that you have requested payment for or hours your supervisor has in his records. Sign the form and turn it in to my office no later than Wednesday, November 2, 1988.

DONALD GILBERT

diligence by first acting to enforce their rights over three-and-a-half years after having been advised that the County was required to pay overtime compensation. Again, the County reads too much into the Grimes memorandum. It cannot be fairly construed as notice that compensatory time would no longer be awarded or as a disavowal of the County's duty to pay past accrued overtime compensation. The memorandum included a solicitation of employees' estimates of accumulated overtime hours worked, implying that the County intended to honor the hours claimed. Then, after the memorandum, until 1991, the County continued to allow use of compensatory time for past accrued overtime in accordance with the preexisting practice. The status quo having thus apparently been maintained, plaintiffs' failure to commence this action prior to 1991 does not bespeak a lack of due diligence. Rather, plaintiffs [*25] appear to have acted with reasonable diligence after Sheriff Carr first announced that past overtime would not be honored, filing their complaint within months thereafter.

The majority also neglects the fourth factor, whether the County would be prejudiced if the statute of limitations were tolled. The County complains that it would be unfairly prejudiced, being handicapped in its ability to verify the overtime hours claimed because Sheriff's Department payroll records have since been destroyed. The County argues it should not be penalized for destroying the records as permitted by federal regulations. See *29 C.F.R. §§ 516.5* and *516.6*. The County is entitled to no sympathy. The County has neither contended nor presented any evidence that plaintiffs did not work the claimed overtime hours or that the hours claimed are overstated or otherwise inaccurate. The asserted prejudice is thus purely hypothetical. Moreover, it is a prejudice whose burden should in fairness be borne by the County, it having failed to establish clear and defined overtime procedures, and having destroyed the payroll records with knowledge that employees were continuing and expecting to use compensatory time accrued [*26] more than three years earlier. To recognize this sort of prejudice as an impediment to tolling would be to allow the County to profit from its own wrongdoing, a result contrary to the rationale behind equitable tolling. See *Vana v. Mallinckrodt Medical, Inc., 70 F.3d 116 (Table), 1995 WL 675597* at **1 (6th Cir.), quoting *Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 232-33, 3 L. Ed. 2d 770, 79 S. Ct. 760 (1959)* (principle "that no man may take advantage of his own wrong" has frequently been employed to bar reliance on statutes of limitations). Accordingly, the County would not be unfairly prejudiced if the statute were tolled.

The fifth factor is the reasonableness of plaintiffs' remaining ignorant of their

rights. Because the County appeared to have maintained the status quo, notwithstanding Garcia and the Grimes memorandum, and because the County failed to post the required notices, I would find plaintiffs' conduct not unreasonable. The majority accepts the County's argument that the failure to post the required notices does not, in itself, warrant equitable tolling. This may be true, but where plaintiffs appear to have lacked actual and constructive notice [*27] of their rights, the County's failure to post the notices is certainly relevant to determining the reasonableness of plaintiffs' actions and the appropriateness of tolling the statute of limitations. See E.E.O.C., 80 F.3d at 1094-95 (failure to post notices contributed to finding of affirmative misleading conduct, justifying tolling); Jackson, 961 F.2d at 579-80 (if employee's ignorance of rights is due to employer's failure to post notices, initial case for equitable tolling has been made); Clark v. Resistoflex Co., 854 F.2d 762, 768 (5th Cir. 1988) (if employer neglects to post required notice, statute is tolled until employee acquires actual or constructive knowledge of rights).

The standard Department of Labor FLSA notice does not expressly set forth the governing statute of limitations. It does advise, however, that law enforcement personnel's rights to overtime compensation and compensatory time are prescribed in the FLSA and that more information may be obtained by calling the Wage and Hour Division of the Department of Labor. In light of these contents, the County's failure to post the notices cannot reasonably be deemed immaterial. Had the notices been conspicuously [*28] posted as required, plaintiffs' plea for equitable relief would be much weaker. Conversely, although the County's failure to post the notices would not, in itself, justify relief, viewed in the totality of circumstances, it contributes meaningfully to a strong case for equitable tolling.

Finally, the majority cautions against trivializing statutes of limitations through promiscuous application of equitable tolling, citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990). I agree wholeheartedly. Yet, as Judge Posner also observed in Cada, "When we are speaking...of equitable tolling, we are...dealing with two innocent parties and in these circumstances the negligence of the party invoking the doctrine can tip the balance against its application." Id. at 453. Here, the parties are not entirely innocent. Certainly, plaintiffs might have been more vigilant in pursuing their rights. On the other hand, though the County may not have engaged in active wrongdoing, its greater blameworthiness in this dispute is obvious and cannot be ignored. The County does not dispute the evidence that plaintiffs did perform the claimed overtime services and have not been [*29] compensated. The overtime

work was done pursuant to mutual understanding that it would be rewarded through compensatory time. The Sheriff's Department changed the existing practice without notice to employees and opportunity for them to use past accrued compensatory time. Considering the relative equities of the parties' positions under the unique circumstances of this case within the framework of the governing five-factor test, the balance tips decidedly in favor of equitable tolling.

For all of the above reasons, I would find all of plaintiffs' claims, by virtue of equitable tolling, to have been timely brought. I therefore dissent.

---

End of Document

DONALD GILBERT

UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
NORTHERN DIVISION

MICHELLE REAMER,
KARI MARIE BADER,
LORI LYNN SANDERS,

                Plaintiffs,

                                    Case No. 1:16-cv-10553-PTM
                                    HON. THOMAS LUDINGTON

v.

LINDA TALLMAN,
MICHELLE'S HOUSE,

                Defendants.

| | |
|---|---|
| MARC ASCH (P75499) | DONALD A. GILBERT  (P37421) |
| The Law Offices of Marc Asch | Mahlberg, Brandt, Gilbert & Thompson |
| Attorney for Plaintiffs | Attorney for Defendants |
| 137 N. Park Street, Suite 201B | 715 Court Street |
| Kalamazoo, MI  49007 | Saginaw, Michigan 48602 |
| (617) 653-8184 | (989) 799-2111 |

## CERTIFICATE OF SERVICE

The undersigned certifies that the following documents were served upon Plaintiffs' counsel via electronic mail after uploading these documents to mied.uscourts.gov on February 20, 2017.

- DEFENDANTS' MOTION IN LIMINE 1: TO BAR THE INTRODUCTION OF EVIDENCE THAT WAS NOT PRODUCED IN DISCOVERY;
- BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE 1:  TO BAR THE INTRODUCTION OF EVIDENCE THAT WAS NOT PRODUCED IN DISCOVERY;

- DEFENDANTS' MOTION IN LIMINE 2:  TO BAR EVIDENCE THAT FALLS OUTSIDE THE STATUTES OF LIMITATION;
- BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE 2:  TO BAR EVIDENCE THAT FALLS OUTSIDE THE STATUTES OF LIMITATION

I declare under the penalty of perjury that the statements above are true to the best of my information, knowledge and belief.

KATIE CURTIS
PARALEGAL TO DONALD A. GILBERT